```
                           United States Bankruptcy Court
                            Middle District of Pennsylvania
In re:                                                               Case No. 17-01691-HWV
Douglas L Yeater, Sr.                                                Chapter 7
         Debtor                       CERTIFICATE OF NOTICE
District/off: 0314-1           User: DDunbar              Page 1 of 1              Date Rcvd: Jul 31, 2017
                               Form ID: 318               Total Noticed: 11
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 02, 2017.
db          +Douglas L Yeater, Sr.,   4530 Sequoia Drive, Apt. A,   Harrisburg, PA 17109-5171
4912942     +Mariner Finance,   8211 Town Center Drive,   Nottingham, MD 21236-5904
4912943     +Maryanne E. Yeater,   4530 Sequoia Drive,   Apt. A,   Harrisburg, PA 17109-5171
4913519     +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
4912945     +SST Medallio,   4315 Pickett Road,   Saint Joseph, MO 64503-1600
4912946     +SYNBC/Value City Furniture,   PO Box 965036,   Orlando, FL 32896-5036

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4912938     +EDI: CAPITALONE.COM Jul 31 2017 19:08:00     Capital One Bank USA,   PO Box 30281,
              Salt Lake City, UT 84130-0281
4912939     +EDI: CHASE.COM Jul 31 2017 19:03:00     Chase Bank/One Card,   PO Box 15298,
              Wilmington, DE 19850-5298
4912940      EDI: RCSFNBMARIN.COM Jul 31 2017 19:03:00     Credit One Bank,   PO Box 98872,
              Las Vegas, NV 89193-8872
4912941     +E-mail/Text: bk@lendingclub.com Jul 31 2017 19:05:49     Lending Club Corporation,
              71 Stevenson Pl.,   STE #300,   San Francisco, CA 94105-2985
4912944     +E-mail/Text: unger@members1st.org Jul 31 2017 19:06:02     Member's 1st Federal Credit Union,
              5000 Louise Drive,   Mechanicsburg, PA 17055-4899
                                                                                               TOTAL: 5

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*         +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                    TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 02, 2017                                   Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 31, 2017 at the address(es) listed below:
              Douglas R Roeder    on behalf of Debtor Douglas L Yeater, Sr. droeder1@comcast.net
              James Warmbrodt    on behalf of Creditor    Medallion Bank bkgroup@kmllawgroup.com
              Leon P. Haller (Trustee)    lhaller@pkh.com, lrynard@pkh.com;lhaller@ecf.epiqsystems.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                               TOTAL: 4

| | | |
|---|---|---|
| Debtor 1 | **Douglas L Yeater Sr.** | Social Security number or ITIN  xxx–xx–5549 |
| | First Name   Middle Name   Last Name | EIN   _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | _____ | Social Security number or ITIN   _ _ _ _ |
| | First Name   Middle Name   Last Name | EIN   _ _ – _ _ _ _ _ _ _ |

United States Bankruptcy Court   **Middle District of Pennsylvania**

Case number:   **1:17–bk–01691–HWV**

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Douglas L Yeater Sr.

**By the court:**

July 31, 2017

Honorable Henry W. Van Eck
United States Bankruptcy Judge

By: DDunbar, Deputy Clerk

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**